**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JESSE LEMA,** *on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**APPLE AMERICAN GROUP LLC and APPLE AMERICAN GROUP II, LLC,**<br><br>Defendants. | Case No. 1:26-cv-02013<br><br>Judge Dan Aaron Polster<br><br>Filed on August 23, 2026 |
| **SHILO DANIELS,** *individually, and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**APPLE AMERICAN GROUP LLC and APPLE AMERICAN GROUP II, LLC,**<br><br>Defendants. | Case No. 1:26-cv-02023<br><br>Judge Dan Aaron Polster<br><br>Filed on August 24, 2026 |
| **LAWRENCE GATES,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**APPLE AMERICAN GROUP LLC and APPLE AMERICAN GROUP II, LLC,**<br><br>Defendants. | Case No. 1:26-cv-02024<br><br>Judge Dan Aaron Polster<br><br>Filed on August 24, 2026 |

| | |
|---|---|
| **CHRISTOPHER MACKENZIE,** *individually, and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**APPLE AMERICAN GROUP LLC and APPLE AMERICAN GROUP II, LLC,**<br><br>Defendants. | Case No. 1:26-cv-02025<br><br>Judge Dan Aaron Polster<br><br>Filed on August 24, 2026 |
| **KIMBERLY TINDALE,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**APPLE AMERICAN GROUP LLC and APPLE AMERICAN GROUP II LLC,**<br><br>Defendant. | Case No. 1:26-cv-02032<br><br>Judge Dan Aaron Polster<br><br>Filed on August 24, 2026 |
| **HAGEN SCHICK,** *on behalf of himself and all other similarly situated individuals,*<br><br>Plaintiff,<br><br>v.<br><br>**APPLE AMERICAN GROUP LLC and APPLE AMERICAN GROUP II, LLC,**<br><br>Defendants. | Case No. 1:26-cv-02036<br><br>Judge Dan Aaron Polster<br><br>Filed on August 25, 2026 |
| **PHILIP SOUSIE,** *individually, and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**APPLE AMERICAN GROUP LLC and APPLE AMERICAN GROUP II, LLC,**<br><br>Defendants. | Case No. 1:26-cv-02048<br><br>Judge Dan Aaron Polster<br><br>Filed on August 25, 2026 |

| | |
|---|---|
| **HALEIGH BURNS,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**APPLE AMERICAN GROUP LLC and APPLE AMERICAN GROUP II, LLC,**<br><br>Defendants. | Case No. 1:26-cv-02051<br><br>Judge Dan Aaron Polster<br><br>Filed on August 25, 2026 |
| **AMY MOLYNEAUX,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**APPLE AMERICAN GROUP LLC and APPLE AMERICAN GROUP II, LLC,**<br><br>Defendants. | Case No. 1:26-cv-02052<br><br>Judge Dan Aaron Polster<br><br>Filed on August 25, 2026 |
| **MAKAYLA MARTINY,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**APPLE AMERICAN GROUP LLC and APPLE AMERICAN GROUP II, LLC,**<br><br>Defendants. | Case No. 1:26-cv-02053<br><br>Judge Dan Aaron Polster<br><br>Filed on August 25, 2026 |
| **JETT FINEGAN,** *individually, and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**HUT AMERICAN GROUP LLC,**<br><br>Defendant. | Case No. 1:26-cv-02079<br><br>Judge Donald C. Nugent<br><br>Filed on August 27, 2026 |

| | |
|---|---|
| **TAYLOR CINDRICH,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**APPLE AMERICAN GROUP LLC, APPLE AMERICAN GROUP II, LLC,**<br><br>Defendants. | Case No. 1:26-cv-02091<br><br>Judge Dan Aaron Polster<br><br>Filed on August 28, 2026 |
| **KENSLEE JENKINS,** *individually, and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**BELL AMERICAN GROUP LLC,**<br><br>Defendant. | Case No. 1:26-cv-02117<br><br>Judge Donald C. Nugent<br><br>Filed on September 1, 2026 |
| **GABRIEL ORTIZ,** *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>**APPLE AMERICAN GROUP LLC; APPLE AMERICAN GROUP II, LLC; and FLYNN GROUP, LP,**<br><br>Defendants. | Case No. 1:26-cv-02128<br><br>Judge Dan Aaron Polster<br><br>Filed on September 1, 2026 |
| **CARTER SHIPLEY,**<br><br>Plaintiff,<br><br>v.<br><br>**APPLE AMERICAN GROUP LLC and APPLE AMERICAN GROUP II, LLC,**<br><br>Defendant**.** | Case No. 1:26-cv-02162<br><br>Judge Dan Aaron Polster<br><br>Filed on September 4, 2026 |

| | |
|---|---|
| **MAKAYLA SHELTON,** *individually, and on behalf of all others similarly situated*, <br> Plaintiff, <br> v. <br> **WEND AMERICAN GROUP LLC,** <br> Defendant. | Case No. 1:26-cv-02210 <br> Judge Dan Aaron Polster <br> Filed on September 10, 2026 |
| **SUMMER WOOTEN,** *individually and on behalf of all others similarly situated*, <br> Plaintiff, <br> v. <br> **WEND AMERICAN GROUP LLC,** <br> Defendant. | Case No. 1:26-cv-02578 <br> Judge Dan Aaron Polster <br> Filed on October 1, 2026 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED MOTION TO CONSOLIDATE, ASSIGN TO COMPLEX TRACK, AND SET INITIAL PLEADING AND BRIEFING DEADLINES**

## I. BACKGROUND

These Related Actions arise from a data breach of the sensitive personally identifiable information ("PII") and, according to certain Plaintiffs, protected health information ("PHI") (collectively, "Private Information") that Defendants Apple American Group LLC and Apple American Group II, LLC (together, "Apple American"), Flynn Group, LP, and their alleged affiliates Hut American Group LLC, Bell American Group LLC, and Wend American Group LLC (together with Apple American and Flynn Group, LP, "Defendants"), collected and maintained in their computer systems. Apple American, which is headquartered in Independence, Ohio, is the largest Applebee's franchisee in the United States, operating hundreds of Applebee's restaurants across 23 states. Hut American Group LLC, Bell American Group LLC, and Wend American

Group LLC are alleged affiliated Flynn franchise companies that operate Pizza Hut, Taco Bell, and Wendy's restaurants, respectively. Plaintiffs and Class Members include current and former employees of Defendants who provided their Private Information to Defendants as a condition of their employment, with the reasonable expectation and mutual understanding that the Defendants would keep it confidential and secure from unauthorized access.

Apple American has disclosed that, on or about April 9, 2026, it became aware of suspicious activity on its network, and that its ensuing investigation determined that an unauthorized actor accessed certain servers and accessed or acquired certain files between April 8 and April 9, 2026. On or about August 18, 2026, more than four months later, Apple American began notifying affected individuals and state attorneys general of the incident (the "Data Breach"). The information compromised in the Data Breach includes names, Social Security numbers, driver's license and other government-issued identification numbers, financial account information, payment card information, and, according to certain Plaintiffs, medical and health insurance information. Plaintiffs allege that they and others similarly situated suffered various injuries as a result of Apple American's failure to safeguard the Private Information entrusted to it. The plaintiffs in four of the Related Actions allege that the same April 2026 intrusion compromised Private Information maintained by Hut American Group LLC, Bell American Group LLC, and Wend American Group LLC, each of which sent its own notice letters in late August or early September 2026.

To date, seventeen putative class actions arising from the Data Breach have been filed in this Court, all between August 23 and October 1, 2026: *Lema v. Apple American Group LLC*, No. 1:26-cv-02013; *Daniels v. Apple American Group LLC*, No. 1:26-cv-02023; *Gates v. Apple American Group LLC*, No. 1:26-cv-02024; *MacKenzie v. Apple American Group LLC*, No. 1:26-

cv-02025; *Tindale v. Apple American Group LLC*, No. 1:26-cv-02032; *Schick v. Apple American Group LLC*, No. 1:26-cv-02036; *Sousie v. Apple American Group LLC*, No. 1:26-cv-02048; *Burns v. Apple American Group LLC*, No. 1:26-cv-02051; *Molyneaux v. Apple American Group LLC*, No. 1:26-cv-02052; *Martiny v. Apple American Group LLC*, No. 1:26-cv-02053; *Finegan v. Hut American Group LLC*, No. 1:26-cv-02079; *Cindrich v. Apple American Group LLC*, No. 1:26-cv-02091; *Jenkins v. Bell American Group LLC*, No. 1:26-cv-02117; *Ortiz v. Apple American Group LLC*, No. 1:26-cv-02128; *Shipley v. Apple American Group LLC*, No. 1:26-cv-02162; *Shelton v. Wend American Group LLC*, No. 1:26-cv-02210; and *Wooten v. Wend American Group LLC*, No. 1:26-cv-02578. These Related Actions arise from the same common nucleus of operative facts, assert the same or substantially similar claims, including claims for negligence, breach of implied contract, and unjust enrichment, on behalf of the same or overlapping nationwide classes, and are all brought against Apple American, Flynn Group, or alleged affiliated companies.

With the exception of *Finegan*, *Jenkins*, each of the Related Actions has been transferred to this Court's docket as related to *Lema* pursuant to Local Rule 3.1(b)(3). On September 4, 2026, the Court entered a non-document order consolidating the matters then pending against Apple American pursuant to Rule 42(a) and designating *Lema* as the lead case. That order listed ten Related Actions, but did not list three of cases then pending in the District: *Gates*, *MacKenzie*, and *Martiny*, all of which have been reassigned to Judge Polster. All plaintiffs have been added to the docket sheet in the Lead Case, and all their cases appear as Member Cases on that docket sheet except for *Gates*

The September 4 Order also did not consolidate any forthcoming related actions. *Finegan* and *Jenkins* are pending before Judge Donald C. Nugent, while *Shelton* and *Wooten* have been transferred to Judge Polster. Defendants have since sought, and in several instances obtained,

extensions of their deadlines to respond to the individual complaints, citing Plaintiffs' anticipated motion for consolidation and a consolidated complaint. *See, e.g.*, *Lema*, No. 1:26-cv-02013, ECF Nos. 13–18.

Given the nature of the allegations, additional related actions may be filed against Apple American or its alleged affiliates. Plaintiffs therefore seek an order confirming that the thirteen Related Actions, including *Gates*, involving Apple American Group entities are consolidated for all purposes, consolidating the four additional Related Actions with them for all purposes under a single caption, providing for the consolidation of any later-filed related actions, assigning the consolidated action to the Complex Track, and establishing an orderly schedule for a consolidated complaint and Defendants' response to it.

## II. LEGAL STANDARD FOR CONSOLIDATION

The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a); *see also Bell v. Willis*, No. 1:07-CV-212, 2007 WL 4338135, at *1 (E.D. Tenn. Dec. 10, 2007) ("Federal Rule of Civil Procedure 42(a) provides the Court with discretion in deciding whether to consolidate two or more cases when they involve a common question of law or fact."); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir. 1993). A district court is given "broad discretion to decide whether consolidation would be desirable." 9 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2383 (2d 2007).

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

Plaintiffs respectfully request that the Related Actions be consolidated for all purposes into *Lema*, the first-filed action, and that the consolidated action (the "Consolidated Action") be recaptioned *In re Apple American Group Data Breach Litigation*. The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

Here, consolidation of the Related Actions is warranted, as the actions require proof of the same basic set of facts. Specifically, each of the Related Actions focuses on whether Apple American and their alleged affiliates are liable to Plaintiffs and Class Members for their failure to protect the Private Information entrusted to them. Since the Related Actions pending before this Court present many of the same factual and legal issues, involve the same or alleged affiliated Defendants, and will involve substantially the same discovery, consolidation is appropriate. *See Sierra Club v. ICG Hazard, LLC*, No. 11-cv-148, 2012 WL 12925351, at *2 (E.D. Ky. Apr. 25, 2012) ("I find these actions involve common questions of law and fact and that consolidation is appropriate to avoid unnecessary costs and delay and to maximize judicial resources.").

Indeed, the Court has already recognized the commonality among these cases, consolidating the matters pending before it as of September 4, 2026, and designating *Lema* as the lead case. The requested order would confirm that consolidation extends to all seventeen Related Actions, including *Gates*, which has not so far been listed as a Member Case on the docket of the Lead Case, the *Finegan*, *Jenkins*, *Shelton*, and *Wooten* cases, as well as any forthcoming related actions, and would place the Consolidated Action under a single caption and a single operative pleading.

*Finegan* and *Jenkins* should likewise be transferred to Judge Polster and consolidated. Local Rule 3.1(b)(3) permits a case to be reassigned as related to an earlier-filed case with the concurrence of the transferor and transferee judges, and each of these four actions arises from the same April 2026 intrusion, alleges the compromise of the same types of Private Information, and asserts the same or similar claims as the Related Actions already before this Court. *See Finegan*, No. 1:26-cv-02079, ECF No. 1 ¶¶ 4–6; *Jenkins*, No. 1:26-cv-02117, ECF No. 1 ¶¶ 4–6. That these actions name Apple American's alleged affiliates rather than Apple American itself does not defeat consolidation, which requires only "a common question of law or fact." Fed. R. Civ. P. 42(a).

If not consolidated, the separate Related Actions would result in virtually identical discovery requests, would cause duplicative motions practice, and would pose an unnecessary drain on judicial resources. This remains true despite minor variations in the class definitions, causes of action, and parties pleaded in the Related Actions. For example, some Plaintiffs add claims for negligence per se or declaratory judgment, one proposes an employee subclass, one also names Flynn Group, LP, an affiliate of Apple American, as a defendant, and four name other Apple American affiliates, Hut American Group LLC, Bell American Group LLC, and Wend American Group LLC, as defendants.

For these reasons, Ohio federal courts have routinely consolidated cases where several complaints are filed relating to the same data breach. *See generally* Orders granting motions to consolidate in *Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-55 (S.D. Ohio Feb. 24, 2021), ECF No. 8; *In re Luxottica of Am., Inc. Data Sec. Breach Litig.*, No. 1:20-cv-908 (S.D. Ohio Dec. 21, 2020), ECF No. 16; *Tucker v. Marietta Area Health Care, Inc.*, No. 2:22-cv-184 (S.D. Ohio Mar. 30, 2022), ECF No. 6; *Davis v. Cinfed Fed. Credit Union*, No. 1:23-cv-776 (S.D. Ohio Jan. 25, 2024), ECF No. 15; *In re Ciuni & Panichi, Inc. Data Breach Litig.*, No. 1:25-cv-669 (N.D. Ohio

Apr. 28, 2025), ECF No. 8; *In re Unlimited Tech. Sys. Data Breach Litig.*, No. 1:26-cv-712 (S.D. Ohio Aug. 27, 2026), ECF No. 21.

In addition, to ensure continued judicial efficiency, Plaintiffs respectfully submit that the Court should order that any future actions that are filed in or transferred to this Court arising from the same or similar facts and circumstances be consolidated with the Consolidated Action. *See Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action.").

Moreover, Defendants will suffer no prejudice by litigating one consolidated action rather than seventeen separate suits, as signified by the fact that they do not oppose this Motion; on the contrary, consolidation would benefit all parties. Defendants have themselves sought extensions of their response deadlines on the ground that consolidation will "allow the parties to proceed on a single, unified pleading and promote judicial economy." *Lema*, No. 1:26-cv-02013, ECF No. 13 at 1. Nor will consolidation impair Defendants' rights with respect to arbitration, which the Motion and proposed order expressly preserve.

### B. This Case Should Be Designated as Complex Litigation

A Notice of Complex Litigation in accordance with LR 16.3(c) has been filed in the *Lema* case contemporaneously with this Motion, identifying it and the other Related Actions as complex litigation within the meaning of that Rule. The Consolidated Action also presents many of the criteria for classification as "complex" under the Local Rules, which list eight factors that this Court should consider and apply when assigning cases to the Complex Track:

(A) Legal Issues: Numerous, complicated and possibly unique
(B) Required Discovery: Extensive
(C) Number of Real Parties in Interest: More than five (5)
(D) Number of Witnesses: More than ten (10)
(E) Expert Witnesses: More than three (3)
(F) Likely Trial Days: More than ten (10)
(G) Suitability for ADR: Moderate
(H) Character and Nature of Damage Claims: Usually requiring expert testimony.

LR 16.2(b)(3).

The Consolidated Action would comprise seventeen related putative class actions, in which Plaintiffs have asserted numerous claims in a relatively new and unsettled area of the law, namely that relating to data breaches. These claims, and the potential defenses to them, involve multiple complex legal and factual issues, both at the class certification and merits stages. Some of those applicable to class certification are set forth in the Class Action Allegations sections of Plaintiffs' present Complaints. The merits stage will present numerous technical issues relating to Defendants' cybersecurity measures, the circumstances of the Data Breach, and the computation of damages. Both the class certification and merits stages will therefore necessarily require expert evidence.

These issues also necessitate extensive merits discovery. Discovery will require analysis of Defendants' data security policies, procedures, and practices before and during the Data Breach; the root cause of the Data Breach; the scope and nature of the Data Breach, including forensic investigation reports; notice and notification practices to affected individuals; Defendants' cybersecurity training and employee protocols; and expert testimony regarding industry standards for data security. Additionally, the parties anticipate potential third-party discovery.

Seventeen named Plaintiffs are already involved in this litigation and have brought these cases as putative class actions on behalf of persons whose Private Information is alleged to have been impacted in the Data Breach. While the size of the putative class is not yet determined, it is

likely to be very numerous: Apple American's own disclosures to state attorneys general reflect that at least 14,736 residents of just three states (New Hampshire, Rhode Island, and Vermont) were affected, and Apple American reports more than 21,000 employees across its restaurants in 23 states; its alleged affiliates named in the remaining Related Actions operate more than 1,700 Pizza Hut, Taco Bell, and Wendy's restaurants. *See Lema*, No. 1:26-cv-02013, ECF No. 1 ¶¶ 18, 71; *Molyneaux*, No. 1:26-cv-02052, ECF No. 1 ¶ 29; *Finegan*, No. 1:26-cv-02079, ECF No. 1 ¶ 2; *Jenkins*, No. 1:26-cv-02117, ECF No. 1 ¶ 2; *Shelton*, No. 1:26-cv-02210, ECF No. 1 ¶ 2.

Plaintiffs therefore submit that the Consolidated Action warrants assignment to the Complex Track. Early assignment will ensure that the assignment is effective before the dispositive motion practice contemplated in this Motion, which may take place prior to the Case Management Conference at which the track assignment would otherwise be considered.

### C. The Court Should Set Initial Pleading and Briefing Deadlines for the Consolidated Action

To promote the orderly and efficient administration of this case, Plaintiffs propose that the Related Actions proceed under a consolidated complaint encompassing the claims of all Plaintiffs. By doing so, Defendants can respond to a single pleading rather than seventeen. Plaintiffs therefore propose that the Court allow 45 days from entry of a consolidation order for Plaintiffs to file a consolidated complaint, and a further 45 days for Defendants to answer, move, or otherwise respond to it. Should Defendants move to dismiss the consolidated complaint under Rule 12, Plaintiffs propose that they be provided 30 days to file their opposition to such a motion, and that Defendants be provided 30 days to file their reply in support of the motion. Plaintiffs further propose that Defendants' existing deadlines to respond to the complaints in the individual Related Actions, several of which fall in late November and early December 2026, be held in abeyance pending the filing of the consolidated complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court transfer to Judge Polster, pursuant to Local Rule 3.1(b)(3), the related *Finegan* and *Jenkins* actions not already pending before him, consolidate the Related Actions for all purposes into the first-filed *Lema* action, recaption the Consolidated Action *In re Apple American Group Data Breach Litigation*, assign the Consolidated Action to the Complex Track, and set the initial pleading and briefing deadlines for the Consolidated Action proposed above and contained in the proposed order submitted herewith.

Dated: November 5, 2026

Respectfully submitted,

*/s/ Terence R. Coates*
Terence R. Coates (0085579)
*Trial Attorney*
Dylan J. Gould (0097954)
Spencer D. Campbell (0103001)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
*tcoates@msdlegal.com*
*dgould@msdlegal.com*
*scampbell@msdlegal.com*

*Counsel for Plaintiffs Gates, Burns, Molyneaux, Martiny, Ortiz, and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2026, I served the foregoing upon counsel for all parties in the above-captioned cases by filing it with the Court's electronic filing system in Case Nos. 1:26-cv-02013, 1:26-cv-02024, 1:26-cv-02079, 1:26-cv-02117, 1:26-cv-02210, and 1:26-cv-02578, in accordance with Fed. R. Civ. P. 5(b)(2)(E).

*/s/ Terence R. Coates*
Terence R. Coates (0085579)

*Counsel for Plaintiffs Gates, Burns, Molyneaux, Martiny, Ortiz, and the Putative Class*